# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARTIAYNA WATSON, )
)
      Plaintiff, )
)
      v. )      C.A No. N23C-06-239 CEB
)
DIVISION OF STATE POLICE, )
DEPARTMENT OF SAFETY & )
HOMELAND SECURITY, STATE )
OF DELAWARE, )
)
      Defendants. )

## ORDER

This 20th day of November, 2025, the Court enters the following Order:

1. A motion to reargue a decision of the Court is confined to demonstrating that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[1]

2. Defendants have pointed to no facts overlooked. On a motion to dismiss, the "facts" that may be considered are only those alleged by the Plaintiff. Defendants have not raised any disputed fact in their motion for reargument.

---

[1] *Bd. of Managers of Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at \*1 (Del. Super. Jan. 17, 2003).

3.     As to legal principles or controlling precedent that may have been overlooked, Defendants say "[t]he court in *Janowski v. Division of State Police Department of Safety & Homeland Security*[2] . . . already found that DSHS is entitled to sovereign immunity.  Thus, DSHS is entitled to sovereign immunity here."[3]

4.     *Janowski* was an employment dispute filed by a police officer against his employer, not a tort case against the police.  The sovereign immunity reference in *Janowski* is to the State's immunity from suit in employment cases.  Thus, the *Janowski* case presented a different issue from whether immunity for the State Police is waived when a citizen seeks recompense for tortious acts committed by a police officer.[4]

5.     By statute, sovereign immunity is waived for torts when there is insurance available.[5]  In *Sherman v. State*,[6] the Supreme Court found that sovereign immunity did not bar a suit against the state police for a sexual assault committed by a state police officer while on duty.  Defendants have not convinced the Court that the State Police are immune from suit.

---

[2] 2009 WL 537051 (Del. Super. Feb. 27, 2009), *aff'd*, 981 A.2d 1166 (Del. 2009).

[3] Defs.' Mot. for Rearg. ¶5.

[4] Moreover, in this case, Defendants' motion to dismiss on grounds of sovereign immunity was limited to the Department of Homeland Security, not the Division of State Police.  There was no argument that an action against the Division of State Police was barred by sovereign immunity. *See* Defs.' Mot. Dismiss at 12-13.

[5] 18 *Del. C.* §6511.

[6] 133 A.3d 971 (Del. 2016).

6.     Neither party has raised the question of insurance coverage.  The Court elected to exercise its discretion to defer further rulings pending discovery and further articulation of the legal rights of the parties once discovery has closed.[7]

The Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

<u>**/s/ Charles E. Butler**</u>
Charles E. Butler, Resident Judge

cc: All counsel of record via *File&ServeXpress*

---

[7] *Wilson v. Hunter*, 2022 WL 90209, at *3 (Del. Super. Jan. 5, 2022) ("Moving Defendants prematurely seek dismissal before any factual record has been developed."); *State v. Premier Healthcare Inc.*, 2018 WL 3013484, at *6 (Del. Super. June 14, 2018) ("Dismissal is premature at this juncture without a fully developed factual record."); *Langford v. Irgau*, 2025 WL 1013491, at *1 (Del. Super. Apr. 1, 2025) ([D]ismissal is premature.  A period of discovery will be allowed to develop the record on this issue.").